LANIER, Judge,
concurring.
I agree with the majority opinion and assign the following additional reasons.
The plaintiff’s recovery is based on causes of action in tort for dental malpractice (La.R.S. 9:2794) and contract for breach (now La.C.C. art. 2013, et seq.). Appellant contends the contract was one of sale, he was in good faith and he should have been given an opportunity to repair pursuant to La.C.C. art. 2531. The contract between appellant and his patient was composed of an obligation to do (provide professional services) and an obligation to give (deliver a bridge). S. Litvinoff, 7 Louisiana Civil Law Treatise, Obligations §§ 157 and 158, pp 287-292 (1975). The fundamental (basic) obligation was that to provide professional services. Such an obligation is, or is analogous to, a lease of labor. La.C.C. art. 2668, et seq.; La.C.C. art. 2745, et seq. Such an obligation is not a sale and, thus, the codal provisions on redhibition, of which La.C.C. art. 2531 is a part, are not applicable. In any event, La.C.C. art. 2531 is not applicable to a tort cause of action such as dental malpractice.